# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| **TELINIT TECHNOLOGIES, LLC** § | |
| § | |
| Plaintiff, § | CIVIL ACTION NO. 2:12-cv-658 |
| § | |
| v. § | JURY TRIAL DEMANDED |
| § | |
| **BRITISH TELECOMMUNICATIONS** § | |
| **PLC; RIBBIT CORPORATION;** § | |
| **BT AMERICAS INC.; and** § | |
| **BT CONFERENCING INC.** § | |
| § | |
| Defendants. § | |

## COMPLAINT FOR PATENT INFRINGEMENT

COMES NOW, Plaintiff Telinit Technologies, LLC ("Telinit"), through the undersigned attorneys, and respectfully alleges, states, and prays as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement under the Patent Laws of the United States, Title 35 of the United States Code ("U.S.C."), involving U.S. Patent 6,192,123 (hereinafter the "'123 Patent", attached hereto as Exhibit "A") in which Plaintiff Telinit Technologies, LLC (hereinafter "Telinit") makes the following allegations against defendants British Telecommunications plc (hereinafter "BT"), Ribbit Corporation (hereinafter "Ribbit"), BT Americas Inc. (hereinafter "BT Americas") and BT Conferencing Inc. (hereinafter "BT Conferencing") (collectively "Defendants") to prevent and enjoin Defendants from infringing and profiting, in an illegal and unauthorized manner and without authorization or consent from the '123 Patent pursuant to 35 U.S.C. § 271, and to recover damages, attorneys fees, and costs.

## THE PARTIES

2. Plaintiff Telinit is a Texas corporation with its principal place of business at 2500 Dallas Parkway, Suite 260, Plano, Texas 75093-4871.

3. Defendant BT is a U.K. public limited liability company and maintains a place of business at 81 Newgate Street, London EC1A 7AJ and may be served with process there by via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

4. On or around July 29, 2008, BT announced that it "ha[d] acquired Ribbit Corporation" and that while it "will maintain its management team and identity, will extend its global footprint by becoming part of BT". (*See* Exhibit "B").

5. Defendant Ribbit is a Delaware corporation and wholly-owned subsidiary of BT Americas with a principal place of business at 800 West El Camino Real Mountain View, CA 94040.  Ribbit maintains a registered agent at 114 Delaware Street, New Castle, DE, 19720.

6. Defendant BT Americas is a wholly-owned subsidiary of BT and a Delaware corporation with a principal place of business within this state at 7301 N. State Highway 161, Suite 400, Irving, TX 75039.  BT Americas maintains a registered agent within this state at Corporation Service Company 211 E. 7th Street, Suite 620, Austin, Texas, 78701.

7. Defendant BT Conferencing is a wholly-owned subsidiary of BT and a Delaware corporation with a principal place of business within this state at 7301 N. State Highway 161, Suite 400, Irving, TX 75039.  BT Conferencing maintains a registered agent within this state at Corporation Service Company at 211 E. 7th Street, Suite 620, Austin, Texas, 78701.

8. Defendants are in the business of manufacturing, distributing and/or selling network-based telephony initiation systems and/or services throughout the United States, including in this judicial jurisdiction.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a) because the action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq*.

10. This Court has personal jurisdiction over Defendants by virtue of their systematic and continuous contacts with this jurisdiction, as alleged herein, as well as because of the injury to Telinit, and the cause of action Telinit has risen, as alleged herein.

11. Each of the Defendants is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

12. Defendants have conducted and do conduct business within the state of Texas, including the geographic region within the Eastern District of Texas, directly or through intermediaries, resellers or agents, or offer for sale, sell, advertise (including the use of interactive web pages with promotional material) products or services, or use or induce others to use services or products in Texas that infringe the '123 Patent, knowingly induce others to infringe and/or contribute to infringement of the '123 Patent occurring within Texas and elsewhere.

13. In addition to the Defendants' continuously and systematically conducting business in Texas, the causes of action against Defendants are connected (but not limited) to Defendants' purposeful acts committed in the state of Texas, including the geographic region within the Eastern District of Texas, including Defendants' making, using, offering for sale, or selling network-based telephony initiation systems which include features that fall within the scope of at least one claim of the '123 Patent.

14. Venue lies in this judicial district pursuant to 28 U.S.C. §§1391 and 1400(b).

### JOINDER

15. Defendants are properly joined under 35 U.S.C. § 299(a)(1) because a right to relief is asserted against the parties jointly, severally, and in the alternative with respect to the same transactions, occurrences, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, and/or selling the same accused products. Specifically, as alleged in detail below, Defendants are alleged to infringe the '123 Patent with respect to a number of user-initiated web-based telephony products.

16. Defendants are properly joined under 35 U.S.C. § 299(a)(2). Questions of fact will arise that are common to all defendants, including for example, whether the overlapping web-based telephony products alleged to infringe have features that meet the features of one or more claims of the '123 Patent, and what reasonable royalty will be adequate to compensate the owner of the '123 Patent for its infringement.

17. Defendant Ribbit is a wholly-owned subsidiary of BT Americas, who along with BT Conferencing is a wholly-owned subsidiary of BT (collectively, the "BT Family"). On or around July 29, 2008, BT announced that it "ha[d] acquired Ribbit Corporation" and that while it "will maintain its management team and identity, will extend its global footprint by becoming

part of BT". (*See* Exhibit "B"). Each member of the BT Family offers the same telephony services that infringe on the '123 Patent by virtue of BT's ownership of the aforementioned related subsidiary entities. BT acquired Ribbit for the web-based telephony platform that Ribbit offered so that it could offer telephony initiation services to its customers. Each member of the BT family offers these services under a variety of brands. For example, brands such as BT OneVoice (which further includes specific offerings such as OneVoice Conferencing and OneVoice mobile access, and are sometimes collectively referred to as BT One) (collectively "BT Telephony Products"), Ribbit Mobile and Ribbit for Salesforce.

18. The BT Family Defendants offer telephony services which infringe on the '123 Patent. For example, the BT Family offers IP telephony services, such as the BT Telephony Products which gives users the ability to initiate telephone calls.

19. At least one right to relief is asserted against these parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product and/or process.

## FACTUAL ALLEGATIONS

20. On February 20, 2001, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '123 Patent, entitled "Method and apparatus for initiating telephone calls using a data network" after a full and fair examination. A true and correct copy of the '123 Patent is attached hereto as Exhibit "A".

21. Telinit is presently the owner by assignment of the '123 Patent, having received all right, title and interest in and to the '123 Patent from the previous assignee of record. Telinit

possesses all rights of recovery under the '123 Patent, including the exclusive right to recover for past infringement.

22.     The '123 Patent contains two independent claims and six dependent claims.

23.     The inventions described in the '123 Patent include a system and process for initiating a telephone call using a data network request, signaling a switch, and monitoring and providing status updates to a user of the telephone system.

24.     The invention described in Independent Claim 1 of the '123 Patent includes a process for receiving a data network request to initiate a telephone call, the request including a user telephone number. The inventive process identifies a stored telephone number corresponding to the request, signals a switch to make a call on a voice network to an instrument identified by the stored telephone number. Finally, the process also monitors call status and provides a user with an indication if the status changes.

25.     The invention described in Independent Claim 5 includes a system having an input component to receive a data request to initiate a telephone call, the request including a user telephone number. The system also includes a processing component that identifies a stored telephone number corresponding to the request, a signaling component that signals a switch to make a call on the voice network to an instrument identified by the stored telephone number. Finally, a monitoring component monitors call status, and a status component provides a user with an indication if the status changes.

26.     Defendant Ribbit is a wholly-owned subsidiary of BT Americas, who along with BT Conferencing is a wholly-owned subsidiary of BT (collectively, the "BT Family"). Each member of the BT Family offers the same telephony services that infringe on the '123 Patent by virtue of the BT's ownership of the aforementioned related subsidiary entities. BT acquired

Ribbit for the web-based telephony platform that Ribbit offered so that it could offer telephony initiation services to its customers. Each member of the BT family offers these services under a variety of brands. For example, brands such as BT OneVoice (which further includes specific offerings such as OneVoice Conferencing and OneVoice mobile access, and sometimes collectively referred to as BT One), Ribbit Mobile and Ribbit for Salesforce.

27.     Services provided by the BT Family include distributing special-purpose software applications to subscribers made by the BT Family (hereinafter "Client Software"), , for example, but not limited to, Ribbit Phone, designed specifically to communicate with servers believed to be owned and/or controlled by Defendants (hereinafter "BT Family Servers").

28.     The BT Family Servers are accessible over a data network, and perform functions such as receiving data requests over the network enabling subscribers and third parties to initiate telephony communications with each other. The requests include a user telephone number, such as telephone numbers identifying the Client Software subscriber.

29.     The BT Family Servers also identify stored telephone numbers, such as by maintaining contact lists that can be accessed from multiple Client Software installations.

30.     The BT Family Servers signal a switch to call a voice network, such as a PSTN, to other telephone devices identified by stored telephone numbers, such as contact list phone numbers, for example, after a user selects a stored contact number and clicks the "Call" button on a Ribbit application, it signals a switch to complete a call on the voice network to the stored telephone number.

31.     The BT Family Servers monitor call status and provide indications of status changes, including providing status indications to Client Software interfaces.

32.     The BT Family Servers also include input components designed to receive data

requests over the network enabling subscribers and third parties to initiate telephony communications with each other. Those requests include a user telephone number, such as telephone numbers identifying the Client Software subscriber.

33. The BT Family Servers include processing components designed to identify stored telephone numbers, such as by maintaining contact lists that can be accessed from multiple Client Software installations.

34. The BT Family Servers include a signaling component for signaling a switch to call a voice network, such as a PSTN, to other telephone devices identified by stored telephone numbers, such as contact list phone numbers.

35. The BT Family Servers including monitoring and status components to monitor call status and provide indications of status changes, including providing status indications to Client Software interfaces.

## DIRECT INFRINGEMENT

36. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-35.

37. Taken together, either partially or entirely, the features included in the BT Family's services for initiating telephony communications, including but not limited to, services branded under the names "BT OneVoice" (which further includes specific offerings such as OneVoice Conferencing and OneVoice mobile access, and sometimes collectively referred to as BT One), "Ribbit Mobile" and "Ribbit for Salesforce" perform the process recited in one or more of Claims 1-4 of the '123 Patent.

38. Taken together, either partially or entirely, the features included in the BT Family's services for initiating telephony communications, including but not limited to, services

branded under the names "BT OneVoice" (which further includes specific offerings such as OneVoice Conferencing and OneVoice mobile access, and sometimes collectively referred to as BT One), "Ribbit Mobile" and "Ribbit for Salesforce" use the system described in one or more of Claims 5-8 of the '123 Patent.

39. Ribbit directly infringes one or more of claims 1-8 of the '123 Patent by using, selling, offering to sell and/or importing the process and the system for services for initiating telephony communications in violation of 35 USC § 271(a).

40. BT directly infringes one or more of claims 1-8 of the '123 Patent by using, selling, offering to sell and/or importing the process and the system for services for initiating telephony communications in violation of 35 USC § 271(a).

41. BT Americas directly infringes one or more of claims 1-8 of the '123 Patent by using, selling, offering to sell and/or importing the process and the system for services for initiating telephony communications in violation of 35 USC § 271(a).

42. BT Conferencing directly infringes one or more of claims 1-8 of the '123 Patent by using, selling, offering to sell and/or importing the process and the system for services for initiating telephony communications in violation of 35 USC § 271(a) .271(a). For example, BT Conferencing offers its products through its website including a BT OneVoice Conferencing Help Desk for U.S.A. users.

**INDIRECT INFRINGEMENT**

**INDUCING INFRINGEMENT**

43. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-42.

44. One or more Defendants have had prior knowledge of infringement of the '123 Patent from one or more prior owners of the '123 Patent.

45. Defendants have had knowledge of infringement of the '123 Patent at least as of the service of the present complaint.

46. Furthermore, Defendants have had knowledge of the '123 Patent since public records show that the '123 Patent has been cited as "Prior Art" by at least thirty-eight patents issued by the United States Patent and Trademark Office in the past eleven years.

47. Defendants indirectly infringe one or more claims of the '123 Patent by actively inducing the infringement of their respective customers, users, subscribers and licensees who directly infringe by performing the patented process in violation of 35 USC § 271(b).

48. The BT Family actively induces others, such as its customers, users, subscribers, and licensees, to provide access to functionality, including, without limitation, BT OneVoice.

49. Such use of services, including, without limitation, BT OneVoice, performs the process identified in one or more of claims 1-4 of the '123 Patent. For example, BT OneVoice Mobile Access "One Touch Dial Application" User Manual instructs, among others, its customers, users, subscribers, and licensees to perform certain acts for use of the One Touch Dial Application; and BT OneVoice's customers, users, subscribers, and licensees perform those acts for use of One Touch Dial Application.

50. The creation of software applications by others including, without limitation, instructions on how to make use of the BT OneVoice, make and use the system identified in one or more of claims 5-8 of the '123 Patent.

## CONTRIBUTORY INFRINGEMENT

51. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-50.

52. With knowledge of the patent in suit, the Defendants indirectly infringe the '123 Patent by contributing to the direct infringement of a class of actors which includes the end-users of the software products, as well as customers, users, subscribers and licensees, by encouraging the class of actors to download, install, and operate products, aware of the fact that such acts amount to infringement of one or more claims of the '123 Patent.

53. BT Family distributes server software, including, without limitation, the server software branded as "BT OneVoice" (which further includes specific offerings such as OneVoice Conferencing and OneVoice mobile access, and sometimes collectively referred to as BT One), "Ribbit Mobile" and "Ribbit for Salesforce" that constitutes components of a patented machine covered by one or more of claims 5-8 of the '123 Patent, constitutes a material part of the invention and are not a staple article or commodity of commerce suitable for substantial non-infringing use.

54. BT Family has known such server software, including, without limitation, the server software branded as "BT OneVoice" (which further includes specific offerings such as OneVoice Conferencing and OneVoice mobile access, and sometimes collectively referred to as BT One), "Ribbit Mobile" and "Ribbit for Salesforce" was especially made or especially adapted for use in infringement of the '123 Patent at least as of the service of the present complaint.

55. In sum, Defendants indirectly infringe the '123 Patent by contributing to the direct infringement of one or more of claims 5-8 of the '123 Patent in violation of 35 USC § 271(c).

## DEMAND FOR JURY TRIAL

56.     Telinit demands a trial by jury of any and all causes of action.

## PRAYER FOR RELIEF

WHEREFORE, Telinit prays for the following relief:

1.     That Defendants be adjudged to have infringed the '123 Patent, directly and/or indirectly, by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents;

2.     That Defendants, their officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be preliminarily and permanently restrained and enjoined from directly and/or indirectly infringing the '123 Patent;

3.     An award of damages pursuant to 35 U.S.C. §284 sufficient to compensate Telinit for the Defendants' past infringement and any continuing or future infringement up until the date that Defendants are finally and permanently enjoined from further infringement, including compensatory damages;

4.     An assessment of pre-judgment and post-judgment interest and costs against Defendants, together with an award of such interest and costs, in accordance with 35 U.S.C. §284;

5.     That Defendants be directed to pay enhanced damages, including Telinit's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. §285; and

6.     That Telinit have such other and further relief as this Court may deem just and proper.

Dated: October 12, 2012                                Respectfully Submitted,

                                                By: /s/ William E. Davis, III
William E. Davis, III
Texas State Bar No. 24047416
**The Davis Firm, PC**
111 West Tyler Street
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661
Email: bdavis@badavisfirm.com

*Of Counsel*

Eugenio J. Torres-Oyola
USDC No. 215505
**Ferraiuoli LLC**
221 Plaza, 5th Floor
221 Ponce de León Avenue
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile: (787) 766-7001

**ATTORNEYS FOR PLAINTIFF
TELINIT TECHNOLOGIES, LLC**